UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MICHAEL G. HOROWITZ, Ph.D.,** )  | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v.   ) | Civ. No. 00-1195 (TFH) |
| ) | |
| **GADDI H. VASQUEZ, DIRECTOR** ) | |
| **UNITED STATES PEACE CORPS and** ) | |
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION

Plaintiff Michael G. Horowitz, Ph.D., brings this action against Gaddi H. Vasquez,[1] Director of United States Peace Corps, and the United States of America, pursuant to the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq*. ("ADEA"), and the "Little Tucker Act," 28 U.S.C. § 1346(a)(2). Plaintiff alleges that Defendants discriminated against him based on his age and presumed sexual orientation while he was a Peace Corps Volunteer in the Kingdom of Tonga in March of 1999. Pending before the Court is Plaintiff's Motion to Transfer Venue to the District of Oregon. In the motion, Plaintiff asks the Court to transfer the instant case to the District of Oregon, or in the alternative, to the Northern District of California. Because the Court finds that the only proper forum for this case is the Northern District of California, the Court will transfer the case to that district.

---

[1] Gaddi H. Vasquez was substituted as Director of the Peace Corps pursuant to Fed. R. Civ. P. 25(d)(1).

Plaintiff moves to transfer venue to the District of Oregon, arguing that venue is proper in that district, and that the interests of convenience of the parties and judicial economy favor venue in Oregon.  Alternatively, Plaintiff asks that the case be transferred to the Northern District of California.  Defendants counter that venue is only proper in the District of Columbia, and that even if venue were proper elsewhere, Plaintiff has failed to demonstrate that change of venue is necessary or appropriate.  For Plaintiff's action, there are two relevant venue statutes: venue for the ADEA claim is determined by the general venue statute, 28 U.S.C. § 1391, while venue for the Little Tucker Act claim is governed by 28 U.S.C. § 1402.

With respect to Plaintiff's ADEA claim, 28 U.S.C. 1391(e) establishes venue for civil actions against the United States and its agencies.  Under that provision, venue is appropriate where the defendant resides, where a substantial part of the events occurred, or where the plaintiff resides.[2]  28 U.S.C. § 1391(e).  Plaintiff has provided a great deal of evidence that he is currently a resident of Oregon, including his driver's license and voting records.  Defendants do not appear to dispute that Plaintiff's current residence is Oregon, and provide no evidence that Plaintiff was ever a resident of the District of Columbia, with the exception that the addresses Plaintiff used in his earlier pleadings in this matter were in the Washington, D.C. metropolitan

---

[2] Defendants argue that the only proper venue for Plaintiff's ADEA claims is the District of Columbia, because the actions giving rise to this claim occurred primarily in the Kingdom of Tonga.  Under 45 C.F.R. § 1225.21(b), the appropriate forum for discrimination alleged to have occurred outside of the United States is the District of the District of Columbia.  Plaintiff correctly counters that he has never alleged that the age discrimination occurred at Peace Corps' Tonga Post.  See Compl. at (unnumbered) p. 2.  While Plaintiff does allege that the discrimination on the basis of sexual orientation and violation of due process occurred in Tonga, those allegations are not governed by 45 C.F.R. § 1225.21(b), as they must be brought under the Tucker Act and the Administrative Procedures Act, which do not require adjudication here.  See 45 C.F.R. § 1225.3(c).

area. Defendants do point out, however, that proper venue is determined not by Plaintiff's current residence, but rather by Plaintiff's residence at the time he filed suit. Plaintiff concedes that he was a resident of Northern California, not Oregon, at the time his complaint was filed on May 30, 2000. Indeed, Plaintiff stated in his complaint that he was a resident of California. See Compl. ¶ 19. Further, Plaintiff has submitted records that he was licensed to drive in California at the time of filing, and voting records that also indicate that he was a California resident in the year 2000. Therefore, Northern California is an appropriate venue for Plaintiff's ADEA claim.

Venue for claims under 28 U.S.C. 1346(a) is proper only in the judicial district in which the plaintiff resides. 28 U.S.C. § 1402(a)(1). Accordingly, the only appropriate venue for Plaintiff's "Little Tucker Act" claim is the District of Northern California, as Plaintiff was a resident of that district at the time of filing suit.

Under 28 U.S.C. § 1406, the Court is empowered to transfer a case in which venue was improperly laid to any judicial district in which it might have been brought. See Washington v. Gen. Elec. Corp., 686 F. Supp. 361, 364 (D.D.C. 1988). Whether transferring the case is in the interests of justice rests within the discretion of the transferor court. See Hayes v. RCA Serv. Co., 546 F. Supp. 661, 665 (D.D.C. 1982). The only district where venue is proper for Plaintiff's "Little Tucker Act" claim is the Northern District of California, because that is the district in which Plaintiff resided when he filed suit. In the interests of justice, Plaintiff's claim will be transferred there. As venue is also proper in the Northern District of California for Plaintiff's ADEA claim, and because the interests of convenience of the parties and judicial economy favor litigation in California rather than the District of Columbia, Plaintiff's ADEA claim will be transferred as well. See 28 U.S.C. § 1404(a). Therefore, this case shall be transferred to the

United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1404(a) and 1406(a).

July 24, 2006                                     /s/
                                           Thomas F. Hogan
                                             Chief Judge